# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

In re:                                              )
                                                    )
Charles Leonard,                                    )   Case No.: 05-41686-BGC-13
                                                    )
        Debtor.                                     )

## ORDER

The matters before the Court are the Trustee's Objection to Confirmation of Plan and Motion to Dismiss filed on June 16, 2005; an Amended Trustee's Objection to Confirmation of Plan and Motion to Dismiss filed on July 20, 2005; and confirmation of the debtor's plan.

After notice, a hearing was held on August 17, 2005. Appearing were John Caraway, Jr., the debtor's attorney; and Linda Gore, the Chapter 13 Trustee.[1]

## I. Facts, Contentions, and Issue

In his proposed Chapter 13 plan, the debtor proposes to pay in full the debt secured by a lien on his homestead; to pay in full money he borrowed from his pension plan; and to pay nothing to unsecured creditors.

The trustee objected to confirmation primarily on the grounds that the debtor's proposal to pay his pension loan without paying anything to unsecured creditors violates section 1325(b) of the Bankruptcy Code. 11 U.S.C. § 1325(b).

The issue then is may the debtor repay his pension plan loan without making any payments on his unsecured debts.

## II. Applicable Law

Section 1325(b) provides:

(b)(1)  If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

---

[1] The parties were given the opportunity to file a joint stipulation of facts and briefs by September 21, 2005. That deadline was later extended by order dated September 15, 2005, to October 24, 2005. No stipulation or briefs were filed. Consequently, this matter is deemed submitted on the record in this case, as well as the arguments made by counsel at the August 17, 2005, hearing.

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b).

## III. Conclusions

Most courts, which have considered the issue, have determined that the income used by a debtor to make payments to a pension fund, for the purpose of repaying amounts borrowed from that fund, are not, as a matter of law, "reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor," and, consequently, that income constitutes part of the debtor's "disposable income" for purposes of 1325(b). Anes v. Dehart (In re Anes), 195 F.3d 177, 179-181 (3rd Cir. 1999); Harshbarger v. Pees (In re Harshbarger), 66 F.3d 775, 777 (6th Cir. 1995); Sarasota, Inc. v. Weaver, 2004 WL 2514290, *3 (E.D. Pa., Nov. 5, 2004); In re Taylor, 248 B.R. 37, 42 (S.D.N.Y. 2000), vacated and remanded, 243 F.3d 124 (2nd Cir. 2001); In re Aliffi, 285 B.R. 550, 552 (Bankr. S.D. Ga. 2002); In re Helms, 262 B.R. 136, 141 (Bankr. M.D. Fla. 2001); In re Merrill, 255 B.R. 320, 323 (Bankr. D. Or. 2000); In re Estes, 254 B.R. 261, 265 (Bankr. D. Idaho 2000); In re Padro, 252 B.R. 809, 811 (Bankr. M.D. Fla. 2000); In re Johnson, 241 B.R. 394, 401 (Bankr. E.D. Tex. 1999); In re Jaiyesimi, 236 B.R. 145, 149 (Bankr. S.D.N.Y. 1999), aff'd sub. nom., In re Taylor, 248 B.R. 37 (S.D.N.Y. 2000), vacated and remanded, 243 F.3d 124 (2nd Cir. 2001); In re Gilliam, 227 B.R. 849, 851 (Bankr. S.D. Ind. 1998); In re Anes, 216 B.R. 514, 515 (Bankr. M.D. Pa. 1998), aff'd, 195 F.3d 177 (3rd Cir. 1999); In re Moore, 188 B.R. 671, 675 (Bankr. D. Idaho 1995); In re Goewey, 185 B.R. 444, 446 (Bankr. N.D.N.Y. 1995); In re Scott, 142 B.R. 126, 134 (Bankr. E.D. Va. 1992); In re Jones, 138 B.R. 536, 539 (Bankr. S.D. Ohio 1991); In re Carpenter, 23 B.R. 318, 320-321 (Bankr. D.N.J. 1982). See, e.g., In re Mendoza, 274 B.R. 522, 525 (Bankr. D. Ariz. 2002)((voluntary pension

2

contributions are not reasonably necessary for maintenance and support of debtor under 1325(b)(2)(A)); In re Hansen, 244 B.R. 799, 802 (Bankr. N.D. Ill. 2000)(same); In re Festner, 54 B.R. 532, 533 (Bankr. E.D.N.C. 1985)(same).  See also In re Austin, 299 B.R. 482, 486-487 (Bankr. E.D. Tenn. 2003)(pension loan repayments not reasonably necessary for maintenance and support of debtor for purposes of 707(b)); In re Collins, 2004 WL 3510107, *4 (M.D.N.C., April 2, 2004)(same); In re Fauntleroy, 311 B.R. 730, 737 (Bankr. E.D.N.C. 2004)(same); In re Cohen, 246 B.R. 658, 667 (Bankr. D. Col. 2000)(same); In re Shirley, 2000 WL 150835, *4 (Bankr. N.D. Iowa, Jan. 4, 2000) (same); In re Burns, 2000 WL 33950836, *1 (Bankr. C.D. Ill., April 25, 2000)(same); In re Heffernan, 242 B.R. 812, 818 (Bankr. D. Conn. 1999)(same).

As explained by the Third Circuit Court of Appeals in Anes v. Dehart (In re Anes), 195 F.3d 177 (3rd Cir. 1999):

> The issue on appeal is whether an individual debtor's bankruptcy plan that proposes to repay a loan drawn from a retirement system without first paying unsecured creditors in full conforms with the Bankruptcy Code and, in particular, whether it violates 11 U.S.C. § 1325(b)(1).
>
> ....
>
> Because the trustee has objected to the Debtors' plans and the plans would not repay the unsecured creditors in full, the plans can be confirmed only under § 1325(b)(1)(B), requiring all of the debtors' projected disposable income to be applied to unsecured debts for three years.  Disposable income, for individuals not engaged in business such as Anes and the Tierney's, is that income "not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...."  Id. § 1325(b)(2)(A).  Section 1325(b)(1)(B) contains no exception for repayment of secured debts.  Debtors, therefore, can make the proposed payments only if those payments are reasonably necessary for their maintenance or support.
>
> The Court of Appeals for the Sixth Circuit has held that repayment of amounts withdrawn from retirement accounts is not reasonably necessary for a debtor's maintenance or support, requiring that payments be made, if at all, only after satisfaction of all unsecured debts.  See Harshbarger v. Pees (In re Harshbarger), 66 F.3d 775, 777 (6th Cir. 1995); accord In re Gilliam, 227 B.R. 849, 851 (Bankr. S.D. Ind. 1998); In re Scott, 142 B.R. 126, 134 (Bankr. E.D. Va. 1992).  We agree.  If the Debtors do not make the proposed payments, the retirement systems will deduct the balance owed from their retirement accounts.  The payments, even if classified as debt payments, therefore, will increase their retirement benefits rather than repay the retirement systems or ensure the

3

viability of either pension system. In effect, the payments are contributions to the Debtors' retirement accounts. Voluntary contributions to retirement plans, however, are not reasonably necessary for a debtor's maintenance or support and must be made from disposable income. See In re Cornelius, 195 B.R. 831, 835 (Bankr. N.D.N.Y. 1995); In re Cavanaugh, 175 B.R. 369, 373 & n. 3 (Bankr. D. Idaho 1994); In re Fountain, 142 B.R. 135, 137 (Bankr. E.D. Va. 1992); In re Festner, 54 B.R. 532, 533 (Bankr. E.D.N.C. 1985). As one bankruptcy court explained in refusing to confirm a plan that proposed to make mortgage payments on non-residential property rather than satisfy unsecured creditors, "[a]lthough investments may be financially prudent, they certainly are not necessary expenses for the support of the debtors or their dependents. Investments of this nature are therefore made with disposable income; disposable income is not what is left after they are made." In re Lindsey, 122 B.R. 157, 158 (Bankr. M.D. Fla. 1991). Debtors' proposed payments, regardless of their financial prudence, must be understood as being made out of "disposable income" under the terms of their proposed plans.

....

As we have noted, the proposed loan payments are properly understood to be payments made using disposable income. Because the proposed plans call for repayment of the respective retirement systems out of disposable income without full satisfaction of the Debtors' unsecured debts, they were properly rejected under § 1325(b)(1)(B).

195 F.3d at 179-181.

Based on the above, the Court finds that confirmation of the debtor's plan must be denied because: (1) the income the debtor is currently using to repay the funds he borrowed from his pension plan constitutes part of his "disposable income;" and (2) he does not propose to apply those funds as payments under his plan.[2]

---

[2] The Court notes that some courts have departed from the majority rule and determined that a case-by-case analysis is more appropriate, based on a consideration of a number of factors including:

the age of the debtor and the amount of time until expected retirement; the amount of the monthly contributions and the total amount of pension contributions debtor will have to buy back if the payments are discontinued; the likelihood that buy-back payments will jeopardize the debtor's fresh start; the number and nature of the debtor's dependants; evidence that the debtor will suffer adverse employment conditions if the contributions are ceased; the debtor's yearly income; the debtor's overall budget; who moved for an order to discontinue payments; and any other constraints on the debtor that make it likely

4

It is **ORDERED, ADJUDGED and DECREED** that:

1. The <u>Amended Trustee's Objection to Confirmation of Plan and Motion to Dismiss</u> filed on July 20, 2005, is **GRANTED** to the extent that it requests denial of confirmation of the debtor's plan as presently proposed;

2. Confirmation of the debtor's proposed Chapter 13 plan is **DENIED**;

3. The debtor must amend his proposed plan within fifteen (15) days, of the date of this order, to comply with section 1325(b). Failure to do so will result in this case being set for a show cause why the case should not be dismissed; and

4. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated: February 10, 2006         /s/Benjamin Cohen
                                                BENJAMIN COHEN
                                                United States Bankruptcy Judge

BGC:sm

cc:    John Caraway, Jr., attorney
       Linda Gore, Chapter 13 Trustee

---

that the pension contributions are reasonably necessary expenses for that debtor.

<u>In re Taylor</u>, 243 F.3d 124, 129-130 (2nd Cir. 2001).

Other courts follow the majority rule, in general, but have carved out an exception for those rare situations in which the employee's continued employment is conditioned on repayment of the pension loan. <u>See</u> <u>In re Delnero</u>, 191 B.R. 539, 543-544 (Bankr. N.D.N.Y. 1996)(pension loan payments were not reasonably necessary for maintenance and support of debtor under 1325(b)(2)(A) where repayment was not compulsory and a condition to his continued employment). <u>See, e.g.</u>, <u>In re Tibbs</u>, 242 B.R. 511, 521 (Bankr. N.D. Ala. 1999)(voluntary pension contributions were reasonably necessary for maintenance and support of debtor under 1325(b)(2)(A) where he was required to make them as condition to his continued employment in public school system). The onus is, however, on the debtor under both of those lines of cases to prove that the pension loan repayments are necessary for his or her maintenance and support. As the court in " <u>Watson v. Boyajian (In re Watson)</u>, 403 F.3d 1, 8 (1st Cir. 2005), recognized, "We begin with the self-evident proposition that it is the debtor who bears the burden of proving that an expense is reasonably necessary." In this case, the debtor did not offer any testimony or other evidence to support any exception to the general rule.

5